**UNITED STATES of America,**
**Plaintiff,**

v.

**CITY OF COLUMBUS, an Ohio Corporation, et al., Defendants.**

**Civ. No. 5608.**

United States District Court
S. D. Ohio, E. D.
Dec. 28, 1959.

Hugh K. Martin, U. S. Atty., Thomas S. Schattenfield, Asst. U. S. Atty., Columbus, Ohio, for plaintiff.

Russell Leach, City Atty., Paul Scott, Asst. City Atty., Columbus, Ohio, for defendant.

UNDERWOOD, Chief Judge.

This cause came on to be considered upon the merits pursuant to the stipulation of counsel for the respective parties entered into and filed herein on August 17, 1959.

This action was commenced on July 16, 1959. Plaintiff, the United States, seeks a declaratory judgment and injunctive relief. Jurisdiction of this Court is not questioned (Defendants' Amended Answer), and the Court finds that it does have jurisdiction of the parties and of the subject matter. The facts as alleged in the pleadings are undisputed (Stipulation filed August 17, 1959), and it is therefore unnecessary for the Court to make findings of fact pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

However, the Court deems it appropriate to set forth briefly at this point some of the factual matter pleaded. During the early part of 1959, and for a number of years past, the plaintiff maintained at Columbus, Ohio, a certain naval facility known as the Naval Air Station. The Station was located upon certain airport lands known as Port Columbus and owned by the defendant, City of Columbus. Plaintiff was in possession of said lands pursuant to certain leases entered into with the City of Columbus, and has maintained continuous possession since 1942. The lease brought into question by this action was executed June 28, 1955, by defendant, City of Columbus, acting by and through its Director of Public Service, Floyd C. Redick. Mr. Redick has been joined as a party defendant to this action. A copy of the lease of June 28, 1955, is attached to and made a part of the complaint herein.

By its terms the aforesaid lease extended "to 30 June 1955 and is renewable annually thereafter at the option of the Government (plaintiff herein) upon 30 days advance notice by the Government to the City prior to the expiration of each year thereof * * *." The lease was renewed from year to year until June 30, 1959.

While in possession as lessee, the plaintiff made improvements and erected buildings upon the airport land at a cost to it in excess of $2,000,000 (Exhibit D attached to and made a part of the Complaint.) By telegram dated June 29, 1959, defendants had informed the plaintiff that with respect to any improvements remaining on the property as of June 30, 1959, "the defendants will consider the same to have been abandoned by the Government and that the Government would, have no right to occupy or work in the leased area after that date." (Paragraph 17 of the Complaint.) Plaintiff did not remove the buildings prior to June 30, 1959, and was prevented from doing so on July 1, 1959, and thereafter by the defendants.

This action soon followed. Plaintiff seeks a declaratory judgment adjudging that the plaintiff is the owner of all of the buildings and improvements described in the inventory attached as Exhibit D to the complaint and that the defendants have no right, title or interest therein. Plaintiff also seeks a permanent injunction against defendants forbidding them from interfering with removal of the buildings by the plaintiff and forbidding them from using, removing or otherwise exercising ownership or dominion over the buildings.

Defendants, in their Amended Answer, ask that the Court deny the injunctive relief sought by plaintiff. Defendants further pray that the Court enter a declaratory judgment adjudging that plaintiff "has abandoned all buildings and structures upon the leased premises and that the Defendants are vested with full rights of ownership to said buildings and structures * * *." The prayer of defendants seems to contain an error, since the Court is reasonably certain that defendants do not seriously ask that defendant, Redick, be declared possessed of ownership rights, but only that de-

fendant, City of Columbus, be declared so possessed.

The Court having carefully considered the record herein, the pleadings, the exhibits, the stipulation of the parties and the briefs of counsel, finds that this action has been submitted to the Court as upon a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

■■ The Court finds that there is no issue as to any material fact and that judgment should be granted as a matter of law. Intent of the parties, insofar as it may be gathered from the terms of the lease into which they entered, is controlling. The lease (Exhibit A to the complaint) provides in part II(h) on page 9 thereof that "Title to any and all buildings * * * installed by the Government * * * shall *remain* in the Government." (Emphasis supplied.) It is true ordinarily that a tenant's personal property remaining upon leased premises after the running of the term, becomes the property of the landlord. However, here the parties have seen fit to declare unequivocally by contract that title shall remain in the lessee, and have further agreed that the lessee may remove the buildings and restore the premises, or in lieu of removal and restoration, shall have the right to abandon any and all buildings to the lessor. Based upon the terms of the lease, the Court is of the opinion that it was the intention of the parties that title to the buildings in question should remain in the Government unimpaired by the expiration of the lease; and furthermore, having agreed upon and granted the Government the right of removal and restoration or abandonment in lieu thereof, without having fixed a time for the exercise of that right, that it was the intention of the parties that a reasonable time be granted for removal regardless of the expiration of the lease.

■ In addition to the foregoing, it must be observed that the buildings in question were Government property, at least until June 30, 1959. Defendants do not dispute this, nor can they. Property of the United States Government is held in trust for the benefit of its citizens and the Government cannot be deprived of such property by the inactivity, neglect, oversight, carelessness or even intentional conduct of its agents or employees. The power to release or dispose of Government property is given to the Congress of the United States by Article IV, Section 3 of the Constitution. No one acting for the Government in this transaction was empowered by Congress to sell, abandon or otherwise dispose of this particular Government property, nor does it appear that any statutory procedures for disposal of Government property were followed. Under the circumstances of this case, the Court cannot hold that plaintiff has abandoned the property in suit. It follows that judgment should be entered as a matter of law in favor of the plaintiff and against the defendants, City of Columbus and Floyd C. Redick, as Director of Public Service of the City of Columbus.

Therefore, it is Adjudged, Decreed and Declared that plaintiff, the United States of America, is the owner of all the buildings and improvements described in the inventory attached as Exhibit D to the complaint herein and that the defendants have no right, title or interest in or to said buildings and improvements.

It is Ordered, Adjudged and Decreed that the defendants, City of Columbus and Floyd C. Redick, as Director of Public Service of the City of Columbus, their agents, attorneys, representatives, successors and all other persons claiming under them, be and they hereby are permanently enjoined (1) from interfering with removal of the aforesaid buildings and improvements by the plaintiff, the United States of America, its agents and contractors within a reasonable time after date of this injunction; and (2) from using, removing or otherwise exercising ownership or dominion over the aforesaid buildings and improvements.

It is further Ordered that all previous orders of restraint entered herein,

by agreement of the parties or otherwise, be and they hereby are dissolved and set aside, and shall have no further force or effect after the date of service of this injunctive order. Service may be made by the Marshal upon Russell Leach, City Attorney of the City of Columbus and counsel of record for defendants herein, in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court reserves the full right and jurisdiction herein to make at any time and from time to time such orders for the purpose of enforcing, vacating, amplifying, extending, limiting or otherwise modifying this order, as the Court shall deem proper.

A certified copy of this Opinion, Judgment and Injunctive Order shall be authority for the United States Marshal, et al. to act herein.